C. E. DANFORTH v. NATIONAL CHEMICAL COMPANY and Others.[1]

May 21, 1897.

Nos. 10,601—(118).

**Corporation—Insolvency—Default Judgment—Proof of Claim.**

A judgment entered against a corporation on default for want of answer, in an action brought to recover on a contract for the payment of money only, which action was instituted after the corporate property, effects, and assets had been sequestered, and a receiver appointed, under the provisions of G. S. 1894, c. 76, for the benefit of all its creditors, is not entitled to be exhibited and allowed as a claim against the estate, without any further proof of the existence and bona fide character of the claim on which such judgment was predicated. A complaint in intervention, made by an alleged creditor in proceedings under chapter 76, based solely upon such judgment, states no claim, or cause of action.

Action by C. E. Danforth against the National Chemical Company and others. F. B. Hart intervened. There was judgment on the pleadings against intervenor, and from an order of the district court for Ramsey county, Otis, J., denying his motion for a new trial, intervenor appealed. Affirmed.

*F. B. Hart*, in pro. per.

*E. M. Card*, for respondents.

COLLINS, J. There is no dispute over the facts in this case. Dan-

[1] Reported in 71 N. W. 274.

forth, as a judgment creditor of the defendant corporation, an alleged insolvent, instituted an action in the month of February, 1894, under the provisions of G. S. 1894, c. 76, § 5897, making several alleged stockholders defendants with the corporation. Such proceedings were had as resulted in the entry of a judgment April 28, 1894, sequestrating the property, effects, and assets of the defendant corporation as an insolvent, and within the provisions of said chapter, and appointing one Dobner receiver of all of the property, effects, and assets of said corporation of every nature and description. The further contents or effect of the judgment are of no importance here. Dobner duly qualified as receiver about May 1st, thereupon becoming invested with the title to all of the property, effects, and assets of the corporation. November 16th he obtained an order from the court in which the proceedings were pending, directing and requiring all creditors of the corporation to exhibit their claims, and become parties to the sequestration proceedings within six months from the first publication of the order in a designated newspaper. The first publication was made immediately.

Meantime, and shortly before the order was made, but in the month of November, 1894, the intervenor herein, Hart, had commenced an action against the corporation to recover the sum of $2,150, alleged to be due to him. On November 28, 1894, a judgment was entered on default for want of answer in said action against the corporation and in favor of Hart for the amount alleged to be due, and within the time fixed by the order for the filing of claims, said Hart filed his complaint in intervention in these proceedings, in which he alleged that in the years 1893 and 1894 the corporation "became and was indebted to this plaintiff on open account in a sum in excess of" $2,150; that thereupon he instituted suit against the company in the district court in due form; that said court had full and complete jurisdiction of the parties; and that upon November 28, 1894, judgment was entered against the corporation, and for the amount hereinbefore stated; that the judgment was wholly unsatisfied, and that the full amount thereof was due and unpaid; judgment being demanded for such amount, interest, and costs.

To this complaint in intervention the receiver answered. We need not state the defense which was interposed, for it is immaterial.

When the cause was brought on for trial, the court below granted a motion for judgment on the pleadings made by counsel for the receiver. The intervening plaintiff then moved for a new trial upon a bill of exceptions, and, the motion being denied, an appeal was taken. The legal effect of the order appealed from was to hold that the intervenor had not stated facts sufficient to show that he had a claim against the estate in the hands of the receiver, and in the order the court gave leave to the intervenor to amend his complaint setting up the original cause of action on which the judgment was based.

The question is whether a judgment entered against a corporation on default for want of answer in an action brought to recover on a contract for the payment of money only, which action was instituted after the corporate property had been sequestrated, and a receiver appointed, under the provisions of chapter 76, for the benefit of all of its creditors, is entitled to be exhibited and allowed as a claim against the estate, without any further proof of the existence and bona fide character of the claim upon which the alleged judgment was based. This question is not affirmatively answered by determining that the right of a creditor to bring an action against the corporation after its property has been sequestrated still exists, and that, if he chooses, he may proceed in that way, and secure a judgment. Nor is it answered in the affirmative by determining that plaintiff, Danforth, who was not only a judgment creditor of the corporation, but was one of its stockholders, is, because a stockholder, concluded by the judgment obtained by the intervenor, and cannot impeach it in this or any other proceeding. This is because the right of an alleged creditor to exhibit a claim, and to have it allowed against an estate in the hands of a receiver, does not alone involve the rights and interests of the corporation and its stockholders but also the rights and interests of all other creditors.

It is the creditors of a corporation who are primarily and principally interested in the sequestrated property, and in any fund which may be available through an enforcement of a shareholder's liability. It is the creditors who are interested in an honest distribution of the proceeds derived by means of marshaling the assets of the insolvent, and whose rights and interests are affected and jeopardized should an improper or unjust claim be allowed. And although plaintiff,

Danforth, was a holder of stock shares in the corporation, and as such may have been liable to creditors, he was also a creditor, and in that capacity had an interest to be protected in common with other creditors.   Nor is there anything in the contention that Danforth, as a creditor, cannot object to the allowance of the intervenor's judgment because it appears from the record that of the $50,000 capital stock subscribed by the various shareholders $1,700 only was paid in, leaving over $48,000 of unpaid stock subscriptions as assets in the hands of the receiver; and hence it is not manifest that a single creditor would be detrimentally affected by the allowance of the judgment. It is sufficient answer to this claim to say that it is entirely problematical what amount of this balance due can be collected from the subscribers, and, if this were not true, we are not aware of any rule of law which would justify us in assuming that the assets in a case of this nature exceed the liabilities.

By virtue of chapter 76, § 5911, the court directs, by order, that notice shall be given to creditors to exhibit their claims and become parties to the proceeding within six months after the first publication of the order.   In default of such exhibition of claims, creditors are precluded from all benefit of the judgment to be rendered, and from any distribution of the proceeds of the estate.   An adequate remedy was thus placed in the hands of the intervenor, and by availing himself of it he might have judgment according to the merits of his original claim.   Again, by this method an opportunity is afforded to one or more creditors to contest the allowance of claims presented by other creditors, and to have their merits determined by the court. And the same opportunity is afforded the receiver, who should impartially represent all genuine creditors as well as the corporation itself and its stockholders.

If a party has a cause of action upon a simple contract against a corporation when its property passes into the hands of a receiver, no good reason can be given for holding that he may proceed by the ordinary action at law against the insolvent corporation alone, obtain a judgment on default, and then, in response to a notice to creditors, file a complaint in intervention, in which his only cause of action, as alleged, is based upon the judgment.   And many excellent reasons exist why no such doctrine should be enunciated.   It would open the

door to fraud and collusion upon the part of the officers of the corporation upon whom a summons might be served and alleged creditors, through which judgments by default could be obtained with all of the legal effects and consequences which attend judgments of courts of competent jurisdiction. And, even if the claims thus put in judgment were meritorious in every instance, it will be seen that interested parties who have a right to know the fact would have no opportunity to inquire into and learn it.

If such were the rule, we should find all creditors promptly seeking the courts recovering judgments upon the merits, with no one to oppose, and then intervening with complaints based wholly upon their judgments, and wholly ignoring the causes of action which existed when the receiver was appointed. This would cast the burden of assailing the judgment as unwarranted, fraudulent, and collusive upon the receiver, or the other creditors, a thing not to be tolerated. To protect the rights and interests of creditors, and to prevent the infliction of an injustice upon them, we are compelled to hold that a creditor having a simple contract for the payment of money only against a corporation cannot, after its property, effects, and assets have been sequestrated under the provisions of chapter 76, institute an action against such corporation alone, obtain a judgment by default for want of answer, and then, in compliance with an order of the court to exhibit his claim, present the judgment by means of the allegations in his complaint in intervention, and nothing further, and have the amount thereof allowed as a claim against the estate. A complaint predicated upon the judgment alone states no cause of action under such circumstances.

On the argument counsel for the intervenor called attention to the fact that in his complaint it was alleged that the corporation was indebted to the intervenor upon open account in excess of the sum of $2,150, and suggested that this allegation was sufficient to permit proof of the original claim upon the trial. The allegation was clearly insufficient, nor could it have been inserted in the complaint for any such purpose. This is evident from the language used by the trial court when passing upon the motion for judgment on the pleadings. Evidently the only question before the court was the conclusiveness of the judgment as evidence of the intervenor's claim. And, again,

the court below gave leave to the intervenor to amend his complaint so as to set forth the original cause of action, if so advised. Further than this, it is nowhere intimated in the brief of counsel for intervenor that such a point would be made or relied upon on the argument of the appeal.

Order denying a new trial affirmed.