MOSES B. BUFFUM v. WILLIAM D. HALE.[1]

January 14, 1898.

Nos. 10,762—(235).

**Receiver of Insolvent Bank — G. S. 1894, § 5900—Independent Action upon Claim by Creditor.**
    An independent action against a receiver, appointed by the court under the provisions of G. S. 1894, § 5900 et seq., to recover judgment upon a claim existing against the insolvent when the receivership proceedings were instituted, or to establish or to have such claim allowed against the trust fund, cannot be maintained.

**Same—Remedy under G. S. 1894, § 5911, Exclusive.**
    The exclusive remedy of the creditor, and the only method of procedure, is that provided in section 5911.

Action begun September 15, 1896, in the district court for Hennepin county against the receiver of the American Savings & Loan Association to recover $496.50. The premises mortgaged by plaintiff were situated in South Dakota. The other facts are stated in the opinion. From a judgment dismissing the action, pursuant to the findings and order of Elliott, J., plaintiff appealed. Affirmed.

*W. S. Dwinnell,* for appellant.
    The appointment of a receiver in a suit brought on behalf of all creditors stops the running of the statute as to all claims not outlawed at the time of entry of such appointment. Rights of creditors become fixed as of the date of such appointment. There are two theories concerning a statute of limitations: (1) That it is a statute of repose enacted to secure the timely settlement of controversies, and (2) that, by reason of the lapse of time, the liability is supposed to be paid or cancelled. Neither theory can be applied to an insolvent estate. A timely settlement of controversies is provided by the insolvency statute or by the rules of court. After insolvency there is no presumption that the debts are paid, insolvency being an admission of inability to pay.
    Instituting an action for benefit of creditors or the deed of assign-

[1] Reported in 73 N. W. 856.

ment stops the running of the statute. Sterndale v. Hankinson, 1 Sim. 393, 400. That the insolvent's property is in possession of the court ought to suspend the statute. A receiver can raise the question of the statute only when it has run prior to the institution of the insolvency proceedings. Richmond v. Irons, 121 U. S. 27, 51; Ludington v. Thompson, 38 N. Y. Supp. 769; In re Leiman, 32 Md. 225, 239; Guild v. Hale, 15 Mass. 455, 457.

G. S. 1894, § 5146, excepts cases like this from the operation of the statute. It is contended that, when an action comes within this section, there is no limitation and an action may be brought at any time; that it is one of the omitted cases within the rule laid down in Baker v. Kelley, 11 Minn. 358 (480). See O'Mulcahey v. Gragg, 45 Minn. 112.

*Eugene G. Hay,* for respondent.

The appointment of respondent as receiver did not stop the running of the statute. Harrisson v. Duignan, 2 Dru. & War. 295, 301; In re Reed, 6 Biss. 250; Nicholas v. Murray, 5 Sawy. 320; Smith v. St. Paul, 56 Minn. 202. The filing of a creditor's bill for a receiver does stop the running of the statute as to all claimants who choose to become parties to the action, but as to them only. In Richmond v. Irons, 121 U. S. 27, the action was brought by one creditor in behalf of all creditors who chose to become parties to it. The receivership in this case results from an action begun by the State of Minnesota, and is allied rather to proceedings in insolvency under the statute.

This cause of action accrued either in South Dakota or in Minnesota. If it accrued in Minnesota it is barred, and G. S. 1894, § 5146, has no application. If it accrued in South Dakota it is barred by the South Dakota statute, as is found by the court. So far as the record shows appellant may have been a resident of that state until the statute had run against him, or he may have been a resident of Minnesota until his claim was barred by our statute. All that appears is that he was a resident of Minnesota at the time he began this action.

Permission of court to sue a receiver is a jurisdictional pre-requisite which cannot be waived by the receiver. Brown v. Rauch, 1

Wash. 497; Barton v. Barbour, 104 U. S. 126; Porter v. Sabin, 149 U. S. 473.     See G. S. 1894, § 5174; Irwin v. McKechnie, 58 Minn. 145; Central v. East Tennessee, 59 Fed. 523; Swope v. Villard, 61 Fed. 417; Case v. Finks, 81 Fed. 529.

*W. S. Dwinnell,* for appellant, in reply.

Insolvency stops the running of the statute as to all claims existing at the date of assignment, and it makes no difference if the statutory period of limitation expires before the filing of the claim. In re St. Paul, 58 Minn. 163; In re Nicolin, 55 Minn. 130; Irwin v. McKechnie, 58 Minn. 145.

The court has jurisdiction of the person and the subject of the action when the receiver appears generally therein, even though no leave of court to sue was first obtained.     Elkhart v. Ellis, 113 Ind. 215; Hubbell v. Dana, 9 How. Pr. 424; St. Joseph v. Smith, 19 Kan. 225; Kinney v. Crocker, 18 Wis. 74; Mulcahey v. Strauss, 151 Ill. 70; Naumburg v. Hyatt, 24 Fed. 898, 901; Jay's Case, 6 Abb. Pr. 293; In re Young, 7 Fed. 855; High, Rec. § 261; Roxbury v. Central, 60 Vt. 121; Lyman v. Central, 59 Vt. 167; Allen v. Central, 42 Iowa, 683; Paige v. Smith, 99 Mass. 395; Hills v. Parker, 111 Mass. 508; Camp v. Barney, 4 Hun, 373.

COLLINS, J.[2]

In 1890 the American Savings & Loan Association, a corporation organized under the laws of this state, foreclosed under the power a mortgage it held upon plaintiff's real estate, and at the sale, June 28, 1890, bid in the premises for more than was actually due.

January 14, 1896, in proceedings duly instituted by the attorney general in accordance with the provisions of G. S. 1894, § 5900 et seq., said corporation was declared insolvent, and thereupon the defendant, Hale, was, by the order of the court, duly appointed temporary receiver thereof.     He immediately qualified, and entered upon the discharge of his duties as such receiver.     See State v. American, 64 Minn. 349, 67 N. W. 1.     Such proceedings were afterwards had as resulted in the appointment of said Hale as permanent receiver for said corporation.     Since the temporary appointment he

[2] BUCK, J., did not sit.

has been, and still remains, the duly qualified and acting receiver for the insolvent, under the provisions of chapter 76. On the order of the district court, and in compliance with section 5911, a notice was duly published, the time within which all creditors were required to exhibit their claims and to become parties to the proceedings being limited to June 1, 1897.

Some time prior to the date last mentioned plaintiff brought this as an independent action against the receiver, the object being, according to the complaint, to obtain judgment for the amount bid at the sale in excess of the amount then actually due, with interest, and also to have the "claim allowed in such amount." On findings of fact the court below ordered judgment of dismissal, apparently on the ground that the cause of action had been barred by the statute of limitations (G. S. 1894, § 5136, subd. 1); and this is the question which has been argued by counsel as being the only one involved. In this counsel are in error, for, independently of the statute of limitations, the action was properly dismissed.

An independent action against a receiver appointed by the court under the provisions of section 5900, supra, to recover judgment upon a claim existing against the insolvent when the receivership proceedings are instituted, or to establish or to have such claim allowed against the trust fund, cannot be maintained.

Section 5911, which directs that the court shall, when necessary, cause notice to creditors to be given and published, expressly points out the method of procedure, and this method is exclusive. The proceeding against the insolvent is instituted for the benefit of all creditors, and they become parties thereto by exhibiting their claims to the court by way of an intervenor's complaint. And it is the court, not the receiver, which passes upon the claims exhibited, allowing or disallowing them as the facts may warrant. By becoming parties to the proceedings creditors are entitled to take part in the litigation, to interpose objections to the allowance of claims, and to be heard upon the merits, not only when their own claims are being heard, but when the claims of other creditors are being considered. Each creditor has quite as much voice when claims against the estate are before the court as has the receiver, but, if an

independent action were permitted, other creditors would be entirely ignored, and they could not be heard, for the receiver would be the sole defendant.

Again, the section in question in explicit language provides that, if default be made in the exhibition of claims in accordance with the order of the court, creditors are precluded from all benefits of the judgment to be rendered and from any distribution made thereunder.   If it were necessary to have such a provision in order to make it certain that there would be but one orderly and proper method of procedure on the part of creditors who wished to participate in the trust fund, we have it in that part of the section just referred to.   The statute is ample.   As was said in Danforth v. National, 68 Minn. 308, 311, 71 N. W. 274, when speaking of an intervening creditor's opportunity under this section:

"An adequate remedy was thus placed in the hands of the intervenor, and by availing himself of it he might have judgment according to the merits of his original claim."

So it is here, for by intervening plaintiff had an ample remedy if he had a claim.   There is another reason, equally as conclusive, why this action cannot be maintained.   It was said in Danforth v. National, supra, that if a party had a cause of action upon a simple contract against a corporation, where its property had passed into the hands of a receiver, no good reason could be given for holding that he could proceed at law against the insolvent, obtain a default judgment, and then intervene by complaint; his only cause of action being the judgment.   And it was held that a complaint in intervention, based solely upon such a judgment, stated no cause of action, and that, without further proof of the existence and bona fida character of the claim on which the judgment was rendered, it was of no value when exhibited by a claimant.

A moment's reflection will convince one that there can be no distinction made between a default judgment under such circumstances and one entered after trial; and also that a judgment entered against the receiver of an insolvent, on default or otherwise, could be of no greater efficacy as proof of a claim against the insolvent, under the provisions of section 5911, than would be a judgment

against the latter, obtained after the institution of the insolvency proceedings. An action in the one case would be as useless and as futile as in the other,—an idle ceremony.

Judgment affirmed.