CHRISTOPHER H. SMITH and Another v. NATIONAL CREDIT INSURANCE COMPANY and Others.

May 25, 1898.

Nos. 11,007—(76).

**Action by Insurance Commissioner to Administer Trust Fund—Intervention by Stockholders—Discretion of Court.**
    In an action instituted by the insurance commissioner to administer and distribute a fund deposited with him in trust for the policy holders of the insurance company, *held* that, upon the facts, the court did not abuse its discretion in denying the application of the stockholders to intervene and become parties to the action.

Appeal by Freeman P. Strong and others, stockholders of defendant corporation, from an order of the district court for Hennepin county, Russell, J., denying their application for leave to file a complaint in intervention and to become parties defendant. The nature of the action is stated in the opinion. Affirmed.

*Arthur M. Wickwire,* for appellants.

Inasmuch as the insurance company had no power, by reason of its insolvency, to defend, and as the assignees also had no money or means with which to defend the vast number of claims made, the stockholders had an equitable right to defend on behalf of the corporation, on learning that the assignees had agreed with the creditors that the company's liability should be determined in a nonjudicial manner. Morrill v. Little F. Mnfg. Co., 46 Minn. 260; Bronson v. La Crosse & M. R. Co., 2 Wall. 283; In re Minnehaha, 53 Minn. 423; Dodge v. Woolsey, 18 How. 331; Bacon v. Robertson, 18 How. 480; March v. Eastern, 40 N. H. 548; Wright v. Oroville, 40 Cal. 20. Every citizen is entitled to have his liability determined by methods recognized as judicial. In re Minnehaha, supra. The ordinary rule that the stockholders must request the officers or directors to sue or defend does not apply, because neither the corporation nor the assignees have any means with which to defend; the assignees have consented that the company's liability might be determined in a nonjudicial manner. Rothwell v. Robinson, 39 Minn. 1; Bjorngaard v. Goodhue Co. Bank, 49 Minn. 483; Board v. Lafayette, 50 Ind. 85; Cook, Stockh. (3d Ed.) § 741. Inasmuch as the judgments which may be rendered against the insurance company will bind the stockholders in the suit to enforce their statutory liability, they have a personal interest, aside from protecting the corporation as such, in seeing that the judgments against the corporation are obtained in the ordinary way, and not upon ex-parte affidavits or by star-chamber methods. Bacon v. Robertson, supra; Smith v. Hurd, 12 Metc. (Mass.) 371; Robinson v. Smith, 3 Paige, 222. Judgment against a corporation is conclusive upon the stockholders in a suit to enforce their statutory liability. Holland v. Duluth I. M. & D. Co., 65 Minn. 324; Oswald v. Minneapolis Times Co., 65 Minn. 249. Intervention was the proper procedure for the stockholders to adopt in order to protect their rights and the rights of the insurance company. G. S. 1894, § 5273; Bennett v. Whitcomb, 25 Minn. 148; Lewis v. Harwood, 28 Minn. 428.

*Chelsea J. Rockwood, Victor J. Welch, Lewis Schwager, Fifield,*

*Fletcher & Fifield, John F. Byers, Keith, Evans, Thompson & Fairchild* and *E. C. Gale,* for certain respondents.

The appellants, if they ever had the right to come into the action and plead, have lost it by their unexcused delay. Stockholders have not the right, as a matter of course and under all circumstances, to defend suits against the corporation. When the right does exist, it is lost if not exercised promptly when the necessity arises, and the necessity arises, if at all, as soon as the action has been brought, and the corporation has defaulted. Peabody v. Flint, 6 Allen, 52; 4 Thompson, Corp. §§ 4494, 4495; Cutler v. Button, 51 Minn. 550. Appellants have not made a case upon their moving papers sufficient to entitle them to be made parties, for two reasons: (1) Appellants have not made any effort to obtain relief through the corporate authorities. They seek to excuse their failure upon the single ground that the corporation is insolvent and has not funds to pay the expenses of litigation. This excuse is not sufficient. Hawes v. Oakland, 104 U. S. 450; Pomeroy, Eq. Jur. § 195; 4 Thompson, Corp. § 4479. (2) Appellants have not set forth any facts which would justify the court in granting them permission to plead to all of the claims that have been filed. The appellants have no interest in the result. The action is purely in rem, to foreclose the rights of the company and its assignees in the trust fund. The company being in default, the court has no power to render a judgment for any other relief than the specific relief demanded in the complaint. G. S. 1894, § 5413; Minnesota Linseed Oil Co. v. Maginnis, 32 Minn. 193. Any judgment which may be rendered in this action will not be admissible as evidence in the action against the stockholders. Danforth v. National Chem. Co., 68 Minn. 308; Buffum v. Hale, 71 Minn. 190.

*Young & Lightner,* for certain respondents.

The moving papers of appellants show no grounds for sustaining their application. Morrill v. Little F. Mnfg. Co., 46 Minn. 260. The stockholder must show diligence affirmatively. In the present case he shows a delay of two years with no attempt to excuse or explain. Allen v. Wilson, 28 Fed. 677; Dumphy v. Traveller, 146

Mass. 495; Dimpfell v. Ohio & M. Ry. Co., 110 U. S. 209; Leo v. Union Pacific, 19 Fed. 283.

MITCHELL, J.

In September, 1895, the defendant the National Credit Insurance Company made an assignment for the benefit of creditors. It had practically no assets except securities of the face value of $100,000 on deposit with the insurance commissioner, and which were the subject of the litigation in Smith v. National Credit Ins. Co., 65 Minn. 283, 68 N. W. 28, and Hayne v. Metropolitan Trust Co., 67 Minn. 245, 69 N. W. 916. Within a few days after the execution of this assignment, the insurance commissioner and one of the policy holders of the insurance company commenced this action to have a receiver appointed to administer this trust fund for the benefit of all the policy holders. The insurance company, its assignees under the assignment for the benefit of creditors, and all the policy holders, are made defendants. Very soon after the commencement of this action, another action was brought by and on behalf of all creditors against the stockholders of the insurance company, to enforce their personal liability for corporate debts. That action is still pending.

Neither the insurance company nor the assignees have ever appeared or answered in the present action; and the court on August, 1896, appointed a receiver to take possession of and administer the trust fund in the hands of the insurance commissioner, and also appointed a referee to take and report to the court the evidence as to the claims of the various policy holders. Soon afterwards the various policy holders entered into stipulations evidently designed to supersede in part or modify the court's order of reference.

By the terms of these stipulations, it was provided that the referee might, without further proof, accept as proven the claims which had been adjusted and allowed by the insurance company before it made an assignment; that unearned paid premiums should be ascertained upon the basis of the original bonds and date of assignment without further proof; that, as proof of other claims, the referee might accept the ex-parte affidavits of the claimants in a form prescribed in the stipulations, and that, as to such claims

whose amounts are found correct, no testimony should be required to prove the other allegations of the answers of the policy holders except as to date of notice of claim or loss in case of dispute on that point; that the referee should examine the books and records and files of the insurance company with reference to each loss claimed, and make a summary statement of the facts as shown by such records and files, and that the amount of claims, as shown by such affidavits and statement made by the referee, should by him be returned to James I. Best, and should be accepted as sufficient proof of the amount of loss if satisfactory to said Best, who was agreed upon as commissioner to examine and pass upon verified claims; that, if the proof was not satisfactory to such commissioner, the claimant was put to the legal proof of the claim.

These stipulations have never been approved by the court, and were never filed in court until September 9, 1897. After the proofs of loss and the statement of the referee had been placed in the hands of Best, pursuant to the stipulations, and on or about August 30, 1897, the receiver sent notice to the attorneys of the policy holders calling their attention to their stipulations and what had been done under them, and notifying them that the report and statement of the referee had been filed with Best, and that objections to the allowance or disallowance of any claim should be made before the commissioner as early as October 1 next. On September 28, 1897, the appellants, who are stockholders of the insurance company, applied to the court for leave to come into this action, and file their complaint in intervention. The court denied their application, and from that order they appealed.

In the affidavits in support of their application they do not deny that they knew of the pendency of this action ever since its commencement, some two years previously, and that the insurance company and its assignees had failed to appear and answer. Neither do they allege that they had ever requested the company or its assignees to appear in the action; but, on the contrary, it fairly appears by inference that they themselves control the corporate organization. They allege, however, that neither the corporation nor its assignees have any assets with which to defray the expense of defending the action; nor do they allege that they ever kept any

watch over what was being done in the action. Their only claim is that they.had a right to assume that claims of policy holders would be investigated, and allowed or disallowed, in a judicial manner, upon legal evidence, and that they had no knowledge or notice of the irregular and "nonjudicial" procedure agreed upon by the attorneys for the policy holders until the attention of some of them was called to it by the notice to the policy holders issued by the receiver.

It is very difficult to ascertain from their proposed complaint in intervention .what defense, if any, they intend to interpose, or what relief they desire. It gives a full history of the assignment proceedings, the pending action against them as stockholders, and of the present action, including the decision of this court on the former appeal (65 Minn. 283, 68 N. W. 28), which, it suggests, adopted an incorrect method of computing the amount due a certain class of policy holders. It also states that while the company was in business a large number of invalid claims were presented by policy holders under a misapprehension of their legal rights; that the method of ascertaining the validity of claims adopted by the referee under the stipulation is imperfect and inadequate to ascertain the truth in a great many cases; that they are informed and believe that by the report of the referee a large number of invalid claims have been allowed, but they do not specify a single one of them; that, by reason of the premises, it is of vital importance to them as stockholders that they be allowed to become parties to the action, in order that the liability of the insurance company be ascertained in a proper and legal manner and according to due process of law. The fair inference to be drawn from this is that they propose to contest and overturn all that has been done in this action, including the decision of this court.

In our opinion their laches has been such as to justify, if not require, the court in refusing them the right to intervene for any such purpose. Knowing, as they did, of the pendency and purpose of this action,. and knowing, as they presumably did, that the corporation had not appeared, they ought to have kept some watch over what was being done, and ought .not to have rested supinely upon the assumption that everything was being done rightly. If

72 M.—24

the allowance of claims in this action as valid debts of the corporation would be binding and conclusive against them as stockholders in the other suit, a court would be inclined to be liberal in excusing their laches. But this suit is brought merely to administer the fund held by the insurance commissioner in trust for policy holders, and the allowance of a claim is only operative for that purpose, and in no way concludes the stockholders in the suit against them, at least if they do not appear and litigate the validity of the claims in this action. The only interest which they have in having no invalid claims allowed in this case is that, the further the trust fund goes in paying claims, the less will be the balance of the debts for which they will be liable in the stockholders' suit.

If the appellants had applied merely for leave to appear in the action, and take the proceedings as they then stood, and to interpose such objections as they desired to the allowance of any of the claims filed, probably the court ought to have permitted them to do so, as this would not have delayed the administration of the fund. The court has never authorized or approved the mode of procedure stipulated by the policy holders, and might, in its discretion, refuse to approve of it if it thought that it had resulted in injustice; and probably the appellants ought on a proper showing to be allowed to appear and ask the court, not as a matter of right, but of grace and discretion, to refuse to confirm or approve what had been done under the stipulation. But this was not the scope or extent of what they asked.

The order appealed from should be affirmed, but without prejudice to appellants' right to apply hereafter for leave to intervene merely for the purposes just suggested. So ordered.