MELVIN J. CLARK v. B. B. RICHARDS LUMBER COMPANY and Another.

May 31, 1898.

Nos. 11,100—(208).

**Second Appeal—Law of the Case.**

The doctrine of "the law of the case" applied on a second appeal.

**Conditional Sale—Waiver of Conditions by Action for Price—Title by Instalments.**

Conceding, without deciding, that where the purchase price of goods sold on a contract of conditional sale becomes due, and the vendor takes security for such price, or brings suit for the same, he thereby waives the condition, and affirms the title absolutely in the vendee, *held*, such rule does not apply to this case, for the reason that the contract provided that the vendee could pay at a certain rate for a part of the property at a time, and thereby vest the title of such part in himself, and such agreed price for the portion of the property disposed of by the vendee exceeded the amount of his payments and the amount of the instalments of the price for which he had given such security, and for which the vendor had brought suit.

**Action to Cancel Contract—Judgment for Foreclosure—Assignee in Insolvency of Vendee Cannot Object.**

This action was brought by the vendor to cancel the contract of conditional sale for failure to perform the same, and the assignee in insolvency of the vendee was made a party. Instead of canceling the contract, the trial court declared the balance due on the purchase price a lien on the balance of the property undisposed of. *Held*, as against the plaintiff, the assignee is not entitled to the property, is not concerned in whether a judgment of foreclosure or a judgment of cancellation is entered, and cannot raise the question on appeal.

**Same—Deficiency Judgment—Proof in Insolvency—No Estoppel to Creditors.**

> *Held*, a judgment in this action for a deficiency after a foreclosure sale could not be proved in the insolvency proceedings, and the judgment in this action would not estop the assignee or creditors from disputing the validity of any such claim, in whatever form presented in those proceedings.

Action in the district court for St. Louis county against B. B. Richards Lumber Company and Duluth Trust Company, assignee for the benefit of creditors of the lumber company. From an order, Cant, J., denying a motion for a new trial, and also from a judgment in favor of plaintiff, defendant trust company appealed. Affirmed.

*Dibell & Reynolds*, for appellant.

*Cash, Williams & Chester*, for respondent.

CANTY, J.

This is the second appeal in this action. See 68 Minn. 282, 71 N. W. 389. After the decision on the former appeal, the case was remanded to the court below, was again tried, and the court again found for plaintiff. From an order denying a new trial, and from the judgment entered in plaintiff's favor, the defendant trust company again appeals.

An order denying a new trial was reversed on the former appeal because the trial court refused to find on a material issue. On the last trial the court found all of the facts found on the former trial, and, in addition thereto, found on said issue against this appellant, as follows:

"That said contract [of conditional sale] was filed by plaintiff in the office of the city clerk of the city of Duluth on the 24th day of September, 1896; that the sole reason why the same was not filed at an earlier date was that the plaintiff believed it was not necessary the same should be filed in order to protect his rights thereunder, and that there was no agreement at any time between the parties to said contract that the same should not be filed or that it or any of its provisions should not be made public."

The evidence sustains this finding, and this disposes of all the

questions raised on the former appeal and disposed of in the former opinion. That opinion has become the law of the case.

Appellant raises some additional questions.

2. Under the contract the purchase price fell due by instalments. An instalment of $35,000 fell due December 1, 1895. It was not paid, and plaintiff received as security for the payment of the same several indorsed notes, and afterwards sued on some of these notes, attached property, and obtained judgment. Appellant cites cases which hold that, when the vendor in a conditional sale sues to recover the purchase price, or takes security, he thereby waives the condition, affirms the conditional sale, and thereby vests the absolute title in the vendee. Conceding, without deciding, that these decisions should be followed in a proper case, we cannot apply them here.

This contract of sale provides that the vendee shall have the right to pay for any lot or lots of lumber to be manufactured from the logs, in quantities of one million feet or upwards, at the rate of five dollars per thousand feet in 1895, and thereafter at the rate of six dollars per thousand feet; that "upon making such payment the title to the lumber so paid for shall pass unto and vest in" the vendee, and the amount paid shall be applied on the purchase price under the contract.

Under this contract the vendor could waive the condition, and affirm the absolute title of the vendee piecemeal. And by taking security for these instalments, and bringing suit to collect them, he has at most affirmed the title in the vendee to the amount of lumber and timber which these instalments would cover at the prices named. But the vendee disposed of lumber in 1895 and 1896, for which, according to the contract, it should have paid the vendor $185,000, while it in fact paid him only $40,250, and $10,000 of this sum was for interest on the entire purchase price. In addition to this, the vendor gave the indorsed notes for the instalment of $35,000, as aforesaid; but, counting them also as a payment, the total amount paid does not amount to more than $75,000, or at least $110,000 less than should have been paid to release the logs disposed of. Again, the correspondence between the parties shows that

they did not contemplate a waiver by plaintiff of his claim on the rest of the logs and timber.

3. The complaint asks that the contract of conditional sale be canceled for failure on the part of the purchaser to perform the same. It is alleged that the purchaser, the B. B. Richards Lumber Company, sold certain lumber held by it under the contract of conditional sale, and invested the proceeds in other property; and plaintiff also prays that a lien be declared in his favor on such other property for the amount so invested in it. In its conclusions of law the court denied plaintiff a lien on the latter property, and declared the sum due him for the purchase price of the property so sold on the conditional sale a lien on all of such property in the hands of the assignee, and ordered that all of that property, including all of the standing pine, be sold to satisfy the lien.

It is assigned as error that the court erred in granting "any relief upon the complaint herein other than a personal judgment against the B. B. Richards Lumber Company," and that "the court erred in not finding as a first conclusion of law that the plaintiff is entitled to recover only a personal judgment against defendant, the B. B. Richards Lumber Company," and that the court erred in not finding as a conclusion of law that appellant is the owner and entitled to the exclusive possession of the property. It is clear that none of these assignments of error are well taken, and that they do not reach the claim made on the argument that the court erred in ordering judgment giving plaintiff a lien on the property for the purchase price, and ordering the property sold to satisfy such lien.

But, even if the assignments of error were sufficient for that purpose, the appellant is not in a position to raise the question. If the plaintiff is not entitled to have the balance due on the purchase price declared a lien on the property, and the lien foreclosed, he is at least entitled to have the contract canceled, and to take the balance of the property for the balance of the purchase price. If this is true, the appellant, as assignee of the lumber company, has, in any event, no right to the property as against plaintiff; and it does not concern appellant whether the plaintiff takes the property in one form or the other. The lumber company might have an

interest in this question because a judgment for a deficiency after the sale on foreclosure might be entered against it, but the lumber company has not appealed. No such judgment can be entered against the assignee.

4. This action was commenced after appellant was appointed assignee of the insolvent lumber company, and for this reason, if for no other, such judgment could not be proved as a claim in the assignment proceedings, and no judgment in this action would estop the creditors or the assignee from disputing the validity of plaintiff's claim for such deficiency, in whatever form presented, if he should attempt to prove it in those proceedings. See Danforth v. National Chemical Co., 68 Minn. 308, 71 N. W. 274, and Buffum v. Hale, 71 Minn. 190, 73 N. W. 856. Then appellant is not aggrieved.

This disposes of all the questions raised having any merit, and the order and judgment appealed from are affirmed.