MELVIN J. CLARK v. B. B. RICHARDS LUMBER COMPANY and Another.

November 29, 1898.

Nos. 11,249—(155).

Fund Obtained by Sale of Insolvent's Estate—Lien of Assignee for Expenses of Administration.

Subsequent to the bringing of this action, which had for one of its objects the recovery of the possession of certain lumber held by defendant assignee as part of the trust estate, plaintiff and said assignee entered into a stipulation whereby it was agreed that they should jointly sell the lumber for cash, deposit the proceeds of such sale in the bank, there to remain until the final determination of the action, and then to be paid over to the party determined to be the owner and entitled to possession. The plaintiff was the successful party, and final

judgment was so entered. *Held*, that the assignee had no lien or claim on any part of the money so deposited, on account of expenses incurred by him in administering upon the property, or contracted in the care, custody, protection or realization of the same.

From an order of the district court for St. Louis county, Cant, J., granting plaintiff's motion for an order of payment of certain money, and denying defendant assignee's counter motion to amend a judgment, defendant assignee appealed. Affirmed.

*Dibell & Reynolds*, for appellant.

This case is to be distinguished from Weston v. Watts, 45 Hun, 219, as in that case the appointment of the receiver was without jurisdiction and void.

Where expenses are incurred by the court, acting through a duly-appointed and qualified officer, in reference to realizing and preserving any particular property in its custody, such property must respond to the court for such expenses and a lien exists thereon until paid. See Wallace v. Loomis, 97 U. S. 146; Shaw v. Railroad Co., 100 U. S. 605; Union Trust Co. v. Illinois M. Ry. Co., 117 U. S. 434; Raht v. Attrill, 106 N. Y. 423; Meyer v. Johnston, 53 Ala. 237, 347; Blair v. St. Louis H. & K. R. Co., 22 Fed. 471; Hale v. Nashua, 60 N. H. 333, 341; Hoover v. Montclair, 29 N. J. Eq. 4; Hervey v. Illinois M. Ry. Co., 28 Fed. 169; Jerome v. McCarter, 94 U. S. 734; Scott v. Delahunt, 65 N. Y. 128; Woodruff v. New York, 129 N. Y. 27; Haydock v. Pier, 78 Wis. 579; Hunker v. Bing, 9 Fed. 277; Calloway v. Calloway (Ky.) 39 S. W. 241; Hooven v. Burdette, 153 Ill. 672.

*Cash, Williams & Chester*, for respondent.

COLLINS, J.

This appeal arises out of the assignment for the benefit of creditors of the B. B. Richards Lumber Company, and the subsequent litigation between these parties, two appeals having been prosecuted in this court. See 68 Minn. 282, 71 N. W. 389, and 72 Minn. 397, 75 N. W. 605. For an understanding of the case we are compelled to state some facts which do not appear in the opinions formerly rendered.

When the assignment was made, part of the pine trees covered by the contract had been converted into lumber, which was in the yard and on the dock of the lumber company, and possession thereof was taken by the defendant assignee. Conflicting claims to this lumber at once arose. The plaintiff claimed it all, the assignee also claimed it all, while a third party claimed a lien upon a part. Agreements were at once entered into setting forth the conflicting claims of these three parties, and providing for an insurance of the property, the plaintiff and the third party, above mentioned, advancing and paying the premiums. Immediately afterwards, and within five days after the assignment, plaintiff instituted the action against the lumber company and its assignee involved in the former appeals.

The action, in so far as the manufactured lumber was concerned, was in claim and delivery. It set forth the contract, and the manufacture thereunder of the lumber in the yard and on the dock; that defendant assignee had taken, retained and still withheld possession thereof from the plaintiff; and the demand for judgment was that plaintiff be decreed to be the owner of all of said lumber, free and clear of all claims of the defendants, and that he have possession of the same. In his answer the assignee set forth a number of defenses, and in all of them denied that plaintiff was either owner or entitled to possession, and, on the contrary, maintained that the lumber company was the owner of all of the property when the assignment was made, and, as a consequence, the defendant assignee was entitled to retain possession.

Later it became necessary to appoint a receiver in the action, for the purpose among other things of selling logs and manufacturing lumber. That there might be no loss on the manufactured articles, the parties, after the action was brought, entered into an agreement of date June 8, 1897, by which plaintiff and the defendant assignee were to make sales jointly, the proceeds thereof to be deposited in a Duluth bank, to await the final outcome of the pending litigation, and then to be disposed of in accordance with the final judgment. About $40,000 were there deposited, but of this amount it is admitted that $14,000 should remain on deposit to abide the result of litigation between plaintiff and the third party

before referred to.   The balance is the sum over which arises the present contention.

After the decision of this court on the last appeal, which was from a judgment in plaintiff's favor (72 Minn. 397, 75 N. W. 605), his counsel moved the court below for an order on the bank to pay over this money to him.   Whereupon defendant assignee made a counter motion to amend the judgment by inserting a provision that no part of the money should be paid or delivered to plaintiff until he paid to the defendant assignee all expenses incurred by the latter in administering upon the property, including debts con-tracted or disbursements made by the assignee in the care, custody, protection and realization of the property, and also for an order retaining and reserving in the hands of the assignee the sum of $12,000 out of the deposit for the payment of this plaintiff's due proportion of the costs and expenses of administration.

This counter motion was based upon an affidavit of counsel in which there was much history of the litigation, and a statement that the assignee's account had not yet been presented to the court, but that the total cost of such administration would exceed $15,000, of which plaintiff's share would be at least $12,000, of which $1,000 were for expenses incurred by the assignee in defending one suit brought against such assignee to recover damages for a "failure of the purchasers of said lumber to remove the same at the time they agreed so to do," in which action a verdict of $2,700 was re-covered against such assignee; and the further statement that the general creditors of the estate were in no way responsible for the assignee's claim for expenses in the matter; and, further, that the entire amount realized out of the estate proper by the assignee was a little over $10,000.

There are several reasons why the judgment cannot be amended as demanded, and one is that there was no finding of fact on which to predicate such an amendment.   And it would be in direct con-flict with such findings.   Even if such an amendment could be based on the affidavit on which counsel rested their counter motion, the affidavit here fell short of being sufficient.   There was nothing except the bald statement that the total cost of administration would exceed $15,000, "of which the plaintiff's share would be at

least $12,000," of which $1,000 were expenses incurred in a certain lawsuit. Even that suit was not intelligibly connected with the plaintiff's lumber. Taken as true, the affidavit itself was radically defective in detail, and, without regard to what we conceive to be the law of the case, was wholly insufficient as a foundation on which to rest an amendment to the judgment, or an order whereby $12,000 or a smaller amount of plaintiff's money could be longer retained from him.

The plaintiff in this action alleged in his complaint that he was the owner of the lumber in controversy; that he was entitled to the immediate possession; and that defendant assignee wrongfully withheld such possession. His demand was that he be adjudged such owner, and that he be awarded possession. At the end of the litigation in which the main issue was as to the ownership, it was determined that the written instrument on which plaintiff's rights were founded was, as to manufactured products, either a conditional sales contract or a chattel mortgage. 68 Minn. 282, 71 N. W. 389. It was also held that in no event had the assignee the right to these products as against the plaintiff (72 Minn. 397, 75 N. W. 605), and judgment was so entered.

That the plaintiff, after being subjected to the expenses of long-continued and very persistent litigation in attempting to recover possession of his own property, wrongfully withheld, should also be required to pay the expenses of the litigation incurred by the wrongdoer, would seem a most unjust requirement. The proposition cannot be sustained in principle, and is without authority to support it.

Counsel state certain rules laid down in receivership proceedings, generally in railroad cases, in reference to costs and expenses incurred, and no one questions the correctness of these rules where applicable. But they are not in point in a case where a party has insisted, as has this plaintiff, that the assignee or receiver is in no event and for no purpose entitled to possession of the property. For instance, Hooven v. Burdette, 153 Ill. 672, 39 N. E. 1107, is relied upon as directly in point. There the vendors of personal property, having a lien thereon, instead of insisting upon their right to possession, consented that it should be sold by the vendors' assignee in in-

solvency, and their lien transferred to the proceeds. The court held that the vendee's right to these proceeds was subordinate to the payment of the costs and expenses of administering the estate. But especial attention was called to the fact that the vendors, "instead of asking to have the property surrendered to them, as they might have done," consented that it might remain in the assignee's possession, and be sold by him. Here the plaintiff brought his action, and some weeks afterwards stipulated, not that the property might remain in the assignee's possession, but simply that, acting together and jointly, the assignee and himself should sell and convert the lumber into cash, the proceeds to be deposited in the bank, there to remain until the final determination of plaintiff's action to obtain possession, and to be then paid over to the party decided to be the owner and entitled to possession. The plaintiff was that party, and the final judgment so determined.

Order affirmed.