CHRISTOPHER H. SMITH and Another v. NATIONAL CREDIT INSURANCE COMPANY and Others.

November 29, 1899.

Nos. 11,844—(105).

### Distribution of Fund for Policy Holders—Judgment as Evidence— Pleading.

A judgment rendered against an insurance company and against its assignee after it has assigned, under the laws of this state, for the benefit of its creditors, is not evidence, as against parties entitled to participate in the distribution of the fund deposited with the state insurance commissioner for the benefit of all policy holders, as provided by G. S. 1894, § 3332, of the right of the judgment creditor to participate in such distribution. And therefore allegations in a complaint of an alleged policy holder, in a proceeding instituted to distribute such fund, of the commencement of an action in a court having jurisdiction, and the rendition and entry of a judgment on a cause of action arising out of the policy, are immaterial and irrelevant. The right to become a distributee of the fund must be based upon the original cause of action, not on a judgment.

Action in the district court for Hennepin county by Christopher H. Smith, as insurance commissioner of the state of Minnesota, and one of the policy holders of defendant company against its assignees in insolvency and its policy holders. The purpose of the action was to determine who was entitled to a fund in the hands of the insurance commissioner, to have a receiver appointed to take charge of the fund, and to have it distributed among those entitled to participate therein. The Beckman Company petitioned for leave to intervene and participate in the distribution, and from an order, McGee, J., denying its application for leave to file its proposed complaint in intervention and granting leave to file a complaint setting forth its original cause of action only, but not the judgment referred to in the opinion, it appealed. Affirmed.

*Robert G. Morrison*, for appellant.

*C. J. Rockwood* and *Fifield, Fletcher & Fifield*, for respondents.

COLLINS, J.

The nature and object of this action have been stated in the opinions on former appeals. 65 Minn. 283, 68 N. W. 28; 72 Minn. 364, 75 N. W. 596. At this time a new phase of the litigation is presented. It was supposed, when the action was commenced, in ˙ September, 1895, that all of the policy holders except the one which had been made a plaintiff were named as defendants; but it appears that the firm of Beckman & Co., to whose interests the present intervenor (appellant) succeeded as hereinafter stated, had been inadvertently omitted. There is some question as to when said firm, or its successor, a corporation in the state of Ohio, had notice of this action; but in the month of April, 1899, the latter petitioned for leave to intervene, and to participate in the distribution of the trust fund about to be distributed. The court had made its findings of fact and conclusions of law in the proceeding February 1; ordering such distribution among creditors who had proven their claims, and were named in certain schedules. To its moving papers the petitioner attached a copy of its proposed complaint in intervention.

In this complaint it was alleged (briefly stated) that the defendant insurance company had issued a policy of indemnity to Beck-

man & Co., a partnership, in the year 1893, on which said firm suffered loss in an amount stated; that the insurance company was notified of such loss; that in November, 1894, the amount of such loss was adjusted and agreed on by Beckman & Co. and the company, and that the latter thereupon agreed to pay this amount within 60 days; and that no part of the amount had been paid. A cause of action was fully and completely stated in this portion of the proposed complaint.

It was then distinctly and separately averred that in a court of general jurisdiction, duly created and organized, in the county of Cuyahoga, in the state of Ohio, Beckman & Co. had commenced an action against the insurance company on April 13, 1895, to recover the amount of their losses, in which action said company appeared and answered, and that, after it assigned for the benefit of its creditors, its assignee continued and conducted its defense, being represented by an attorney at the trial. It was then alleged that such proceedings were had in this action as resulted in the rendition and entry of a judgment for a stated sum against the defendant company in said court on October 27, 1897. Other allegations followed, as to nonpayment of the judgment, and its assignment to the petitioning corporation.

The petition was denied, as made, but leave was given to file a complaint in which the original cause of action, only, should be set forth. The appeal is from that part of the order which denied to the petitioner the right to allege in its complaint the commencement of the action in the Ohio court, and the subsequent proceedings including the rendition and entry of the judgment. The question is as to the right or power of the court to impose any condition when permitting the petitioner to intervene in the action.

The fund in controversy was deposited with the state insurance commissioner, in accordance with the provisions of G. S. 1894, § 3332, in trust for the benefit of all policy holders. The general creditors had no interest in it, except as to a surplus which might ultimately reach them, and as it might be distributed among the beneficiaries, thus reducing the total indebtedness of the company. By virtue of their policies, and not otherwise, the policy holders had, each and every one, a specific lien, attaching as policies were

issued, but actually relating back, in case of a distribution, to the date of the deposit. The absolute right to have the fund distributed among the creditors having liens became complete and enforceable when the company was declared insolvent; and those who seek to participate must show, not only that they have claims against the insolvent company, but that their claims arise out of policies held by them. It is the actual, specific interest in or lien upon the fund which gives the right to become a distributee.

The judgment which the petitioner attempted to set up in the complaint as a cause of action, and which, its counsel argues, was and is conclusive upon all policy holders, because conclusive on the insurance company and its assignee, was not rendered until about two years after the assignment. As against parties having a specific lien and interest in the deposited fund, it was not evidence of any of the facts upon which it was based. It would not establish the fact upon which the petitioner's right to participate depends, namely, that Beckman & Co. had acquired a specific lien and interest through the issuance of a policy of insurance. It would, if alleged in the complaint and proven on the trial, simply be evidence of a debt owing from the debtor to the creditor from and after its rendition. The principle which controls here is exactly that applied in Corser v. Kindred, 40 Minn. 467, 42 N. W. 297, and Falconer v. Cochran, 68 Minn. 405, 71 N. W. 386; and the judgment which the petitioner attempts to have declared conclusive upon parties not in privity with the judgment debtor cannot be distinguished from those considered in Danforth v. National Chemical Co., 68 Minn. 308, 71 N. W. 274, and Buffum v. Hale, 71 Minn. 190, 73 N. W. 856. The allegations in the proposed complaint as to the action in the state of Ohio and the procuring of the judgment were immaterial and irrelevant, and the court very properly ordered that, if a complaint was filed in intervention, it should be purged of all useless matters. This disposes of the appeal.

Order affirmed.