CHRISTOPHER H. SMITH v. NATIONAL CREDIT INSURANCE COMPANY and Others.

May 25, 1900.

Nos. 12,098—(105).

**Credit Insurance—Distribution of Fund—Judgment as Evidence.**

This is an action on behalf of policy holders of the defendant insurance company to have certain securities declared a trust fund for them, and to distribute the proceeds thereof to them ratably. *Held*, following Smith v. National C. Ins. Co., 78 Minn. 214, that the findings of fact as to respondent's claim do not sustain the conclusion of law allowing her claim, and permitting her to share in the distribution of the fund.

Appeal by Kentucky Jeans Clothing Company from a judgment of the district court for Hennepin county allowing the claim of Almenda L. Renshaw against defendant company, and permitting

her to share in the fund involved in the action, entered pursuant to the findings of Harrison, J.,  Reversed.

*C. J. Rockwood,* for appellant.

*John F. Byers,* for respondent.

START, C. J.

This action was brought by the insurance commissioner, in behalf of all policy holders of the defendant insurance company, to have certain securities which were deposited pursuant to G. S. 1894, § 3332, et seq., declared a trust fund for such policy holders, and to distribute the proceeds thereof to them ratably. This is the fourth appeal in the case. See 65 Minn. 283, 68 N. W. 28; 72 Minn. 364, 75 N. W. 596; and 78 Minn. 214, 80 N. W. 966. The respondent, Almenda L. Renshaw, appeared and answered, asserting a right to share in the distribution of the fund. A large number of other claimants also answered. The trial court made its findings of fact and conclusions of law, and judgment was entered allowing the respondent's claim, and permitting her to share in the distribution of the fund. The Kentucky Jeans Clothing Company, a creditor entitled to share in the fund, appealed from so much of the judgment as related to the respondent's claim. The judgment was entered November 21, 1899, and, so far as appears from the record, the appellant is the only creditor who has appealed therefrom.

The sole question for our decision on this appeal is whether the findings of fact as to the respondent's claim justify the conclusion of law and judgment allowing respondent's claim, and permitting her to share in the distribution of the fund. The findings of fact as to respondent were to the effect following: That the insurance company, in consideration of a premium, issued to James S. Cochran & Brother a policy of insurance; that said Cochran & Brother claimed to have suffered losses within the provisions of the policy, in excess of all offsets and reductions, to the amount of $7,133.61, and assigned their claim to the respondent, Renshaw; that the respondent commenced an action in the court of common pleas, county of Philadelphia and state of Pennsylvania, on July 18, 1895, against the Credit Insurance Company, "to recover the said claim"; that the insurance company appeared and defended the action; that

after the assignment of the Credit Insurance Company for the benefit of its creditors, which is shown by the complaint in this action to have occurred on September 10, 1895, the assignee duly defended the action; that thereafter such proceedings were had that on or about March 14, 1896, the respondent recovered judgment, which was duly given by such court against the insurance company, upon said claim arising upon the said policy of insurance, for the sum of $7,470.24; and that no part of the judgment has been paid.

The simple fact that the respondent is a judgment creditor of the insurance company does not entitle her to share in the distribution of the fund. Her judgment, as against other creditors, is evidence only of a debt against the insurance company as of the date of its rendition. It does not establish the fact that she has a valid claim against the insurance company for a loss under its policy, which is the essential basis of any equity to participate in the distribution of the fund. The trial court does not find that the respondent's assignors sustained a loss under the policy, but only that they so claimed. Therefore the finding is insufficient to sustain the conclusions of law and judgment. The case of Smith v. National C. Ins. Co., 78 Minn. 214, 80 N. W. 966, is precisely in point, and rules this case. The findings of fact do not sustain the conclusions of law as to respondent's claim. While the appellant is the only creditor that has appealed from the judgment, yet the benefit of a disallowance of the respondent's claim cannot be limited to the appellant. In re Shea, 57 Minn. 415, 59 N. W. 494.

Judgment reversed as to the respondent's claim, and a new trial granted as to it.